**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION FUND; ROOFERS AND WATERPROOFERS RESEARCH & EDUCATIONAL JOINT TRUST FUND; and NATIONAL ROOFING UNION AND EMPLOYERS' JOINT HEALTH AND WELFARE TRUST | CASE NO.: 24-cv-7158 |
| | JUDGE: |
| Plaintiffs, | MAG. JUDGE: |
| vs. | |
| NIR ROOF CARE, INC., an Illinois Corporation, | |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiffs, the NATIONAL ROOFING INDUSTRY PENSION FUND, the ROOFERS AND WATERPROOFERS RESEARCH & EDUCATIONAL JOINT TRUST FUND and the NATIONAL ROOFING UNION AND EMPLOYERS' JOINT HEALTH AND WELFARE TRUST, by and through their attorneys JOHNSON & KROL, LLC, and complain of the Defendant NIR ROOF CARE, INC. ("NIR ROOF CARE") as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132, and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern

District of Illinois, Eastern Division, and pursuant to 29 U.S.C. 1132(e)(2) in that NIR ROOF CARE maintains its principal place of business in Huntley, Illinois, which is the Northern District of Illinois, Eastern Division.

## PARTIES

3. The NATIONAL ROOFING INDUSTRY PENSION FUND ("NRIPP") is administered in Bloomington, Minnesota and receives contributions from numerous employers pursuant to collective bargaining agreements, including the Standard Working Agreement ("SWA").

4. The NRIPP sponsors both a defined benefit pension plan, the National Roofing Industry Pension Plan, and a supplemental defined contribution pension plan, the National Roofing Industry Supplemental Pension Plan, which are multiemployer plans under 29 U.S.C. § 1002.

5. The NATIONAL ROOFING UNION AND EMPLOYERS' JOINT HEALTH AND WELFARE TRUST (the "Welfare Trust") is a multiemployer employee benefit welfare plan as defined by 29 U.S.C. § 1002 that is administered in Bloomington, Minnesota.

6. The ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND ("REET") is a national training fund and is administered in Washington, D.C.

7. Defendant NIR ROOF CARE is an Illinois corporation with its principal place of business in Huntley, Illinois.

## COUNT I
## BREACH OF CONTRACT – LOCAL 123

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. NIR ROOF CARE entered into a Master Agreement with the United Union of Roofers, Waterproofers and Allied Workers Local No. 123 ("Local 123") in effect from October 1, 2014 through September 30, 2017. (A copy of the Master Agreement in effect from October 1, 2014, through September 30, 2017 is attached as **Exhibit 1**).

10. On September 26, 2017, NIR ROOF CARE entered into a Master Agreement with Local 123 in effect from October 1, 2017, through September 30, 2020 (A copy of the Master Agreement in effect from October 1, 2017, through September 30, 2020 is attached as **Exhibit 2**).

11. In addition, NIR ROOF CARE and Local 123 entered into a Service Sales Addendum on September 26, 2017. (A copy of the Services Sales Addendum is attached as **Exhibit 3**).

12. Pursuant to the terms and conditions set forth in the Master Agreements, NIR ROOF CARE also became bound by the provisions of the Agreements and Declarations of Trust which created the NRIPP, Welfare Trust and REET (hereinafter referred to as the "Trust Agreements").

13. Pursuant to its Trust Agreement, the Board of Trustees of the NRIPP adopted a Consolidated Policy and Procedures on Collection of Delinquent Contributions and Payroll Audits ("NRIPP Collection Procedures") to administer the collection of contributions owed to the National Roofing Industry Pension Plan and National Roofing Industry Supplemental Pension Plan.

14. Pursuant to its Trust Agreement, the Board of Trustees of the Welfare Trust adopted a Consolidated Policy and Procedures on Collection of Delinquent Contributions and Payroll Audits ("Welfare Trust Collection Procedures") to the Welfare Trust.

15. The provisions of the Master Agreements, Trust Agreements, NRIPP Collection Procedures and Welfare Trust Collection Procedures require NIR ROOF CARE to make monthly reports of hours worked by bargaining unit employees and pay contributions to the NRIPP, Welfare Trust and REET at the negotiated rate for each hour of covered work.

16. The monthly reports and contributions during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), and provisions of the Master Agreements, Trust Agreements, NRIPP Collection Procedures and Welfare Trust Collection Procedures, employers who fail to submit their monthly Contribution Reports and contributions to the NRIPP, Welfare Trust and REET on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of one percent (1.0%) for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

18. The NRIPP and REET's auditor performed a payroll compliance audit of NIR ROOF CARE's financial books and records for the period of August 1, 2015, through June 30, 2020, which revealed that NIR ROOF CARE failed to pay contributions to the NRIPP and REET for hours worked by its roofer employees within Local 123's geographic jurisdiction, which resulted in liquidated damages and interest being assessed, and owes the NRIPP and REET the aggregate sum of $4,076.54, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $1,214.10 |
| Interest | $2,741.03 |
| Liquidated Damages | $121.41 |
| **Total:** | **$4,076.54** |

(A redacted copy of the August 1, 2015 through June 30, 2020, audit report is attached hereto as **Exhibit 4**).

19. Additionally, the Welfare Trust's auditor performed a payroll compliance audit of NIR ROOF CARE's financial books and records for the period of August 1, 2015, through June 30, 2020, which revealed that NIR ROOF CARE failed to pay contributions to the Welfare Trust for hours worked by its roofer employees within Local 123's geographic jurisdiction, which resulted in liquidated damages and interest being assessed, and owes the Welfare Trust the aggregate sum of $32,978.25, itemized as follows:

| Type: | Amount: |
| --- | --- |
| Contributions | $17,568.17 |
| Interest | $1,756.82 |
| Liquidated Damages | $13,653.26 |
| **Total:** | **$32,978.25** |

(A redacted copy of the August 1, 2015 through June 30, 2020, audit report is attached hereto as **Exhibit 5**).

20. The NRIPP, Welfare Trust and REET have made multiple demands for payment to NIR ROOF CARE for the amounts revealed by the audits. However, NIR ROOF CARE has refused to pay the outstanding amounts due.

21. The NRIPP, Welfare Trust and REET have been required to employ the undersigned counsel to collect the monies that are due and owing from NIR ROOF CARE.

22. NIR ROOF CARE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Master Agreements, Trust Agreements, NRIPP Collection Procedures, Welfare Trust Collection Procedures and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

A. Enter judgment in favor of the NRIPP and REET and against Defendant in the aggregate amount of $4,076.54 for contributions, liquidated damages, and interest as revealed by the payroll compliance audit conducted for the period of August 1, 2015, through June 30, 2020;

B. Enter judgment in favor of the Welfare Trust and against Defendant in the aggregate amount of $32,978.25 for contributions, liquidated damages, and interest as revealed by the payroll compliance audit conducted for the period of August 1, 2015, through June 30, 2020;

C. Enter judgment in favor of the Plaintiffs and against Defendant for any other contributions, liquidated damages, and/or interest found to be due and owing in addition to the amounts referenced in Paragraphs A through B above;

D. Order Defendant to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Master Agreements, Trust Agreements, NRIPP Collection Procedures, Welfare Trust Collection Procedures and 29 U.S.C. § 1132(g)(2)(D); and

E. Grant Plaintiffs such other and further relief as the Court may deem just and equitable all at Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – LOCAL 11

23. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. NIR ROOF CARE entered into a Memorandum of Understanding ("MOU") with the United Union of Roofers, Waterproofers and Allied Workers Local No. 11 ("Local 11")

whereby it agreed to be bound by the provisions of the Standard Working Agreement ("SWA"), along with all successor SWAs negotiated between Local 11 and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. (A copy of the Memorandum of Understanding is attached as **Exhibit 6**); (A copy of the SWA in effect from June 1, 2018, through May 31, 2021 is attached as **Exhibit 7**); (A copy of the SWA in effect from June 1, 2021, through May 31, 2025 is attached as **Exhibit 8**).

25. Pursuant to the terms and conditions set forth in the SWA, NIR ROOF CARE also became bound by the provisions of the Agreements and Declarations of Trust which created the NRIPP (hereinafter referred to as the "NRIPP Trust Agreement").

26. Pursuant to the NRIPP Trust Agreement, the NRIPP adopted a Consolidated Policy and Procedures on Collection of Delinquent Contributions and Payroll Audits ("NRIPP Collection Procedures") to administer the collection of contributions owed to the National Roofing Industry Pension Plan and National Roofing Industry Supplemental Pension Plan.

27. The provisions of the SWA, NRIPP Trust Agreement, and NRIPP Collection Procedures require NIR ROOF CARE to make monthly reports of hours worked by bargaining unit employees and pay contributions to the NRIPP at the negotiated rate for each hour of covered work.

28. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

29. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), and provisions of the SWA, NRIPP Trust Agreement, and NRIPP Collection Procedures, employers who fail to submit their monthly Contribution Reports and contributions to the NRIPP on a timely basis are

responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of one percent (1.0%) for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

30. NRIPP's auditor performed a payroll compliance audit of NIR ROOF CARE's financial books and records for the period of July 1, 2020, through September 30, 2021, which revealed that NIR ROOF CARE failed to pay contributions to the NRIPP and REET for hours worked by its roofer employees within Local 11's geographic jurisdiction, which resulted in liquidated damages and interest being assessed, and owes NRIPP the aggregate sum of $1,565.89, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions | $961.65 |
| Interest | $445.41 |
| Liquidated Damages | $158.83 |
| **Total:** | **$1,565.89** |

(A redacted copy of the July 1, 2020 through September 30, 2021, audit report is attached hereto as **Exhibit 9**).

31. The NRIPP has made multiple demands for payment to NIR ROOF CARE for the amounts revealed by the audits. However, NIR ROOF CARE has refused to pay the outstanding amounts due.

32. The NRIPP has been required to employ the undersigned counsel to collect the monies that are due and owing from NIR ROOF CARE.

33. NIR ROOF CARE is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, NRIPP Trust Agreement, NRIPP Collection Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

A. Enter judgment in favor of the NRIPP and against Defendant in the aggregate amount of $1,565.89 for contributions, liquidated damages, and interest as revealed by the payroll compliance audit conducted for the period of July 1, 2020, through September 30, 2021;

B. Enter judgment in favor of NRIPP and against Defendant for any other contributions, liquidated damages, and/or interest found to be due and owing in addition to the amounts referenced in Paragraph A;

C. Order Defendant to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the SWA, NRIPP Trust Agreement, NRIPP Collection Procedures and 29 U.S.C. § 1132(g)(2)(D); and

D. Grant Plaintiffs such other and further relief as the Court may deem just and equitable all at Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**NATIONAL ROOFING INDUSTRY PENSION FUND** *et al.*

/s/ Ivana Lozo - 6345902
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472